Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Ellora Michelle Jackson**
**Kevin Jackson, Sr.**

Case No. **24-60177**
CHAPTER 13 PLAN ☑ Modified
Dated: **September 10, 2024**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1   As of the date of this plan, the debtor has paid the trustee $ **1,640.00** .

2.2   After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $555.00 | 09/2024 (56 months) | 04/2029 | $31,080.00 |
| | | TOTAL: | $31,080.00 |

2.3   The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4   The debtor will also pay the trustee **0.00** .
2.5   The debtor will pay the trustee a total of $ **32,720.00**   [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **3,272.00**   [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| **5.1** | **Freedom Mortgage Corporation** | **13119 10th Ave N Zimmerman, MN 55398  Sherburne County Debtor's non-homestead Residence: Homestead Real Property Legally Described as: Lot 3, Block 3, Huntington, Sherburne County, Minnesota.**<br>**Both Debtors are on the deed to son's house wi** |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

|  | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | Cross Country Mortgage | $18,881.61 | Pro Rata | 09/2024 | Pro Rata | $18,881.61 | $0.00 | $18,881.61 |
|  |  |  |  |  |  |  | TOTAL | $18,881.61 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|  | Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 | Gm Financial | $5,032.20 | 0.00% | 09/2024 | $179.72 | 28 | $5,032.20 | $ | $5,032.20 |
| 7.2 | Seabreeze Management Company | $600.00 | 0.00% | 09/2024 | $100.00 | 6 | $600.00 | $ | $600.00 |
|  |  |  |  |  |  |  |  | TOTAL | $5,632.20 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay,the amount set forth in the "Total Payments" column belowon the followingsecured claims if a proof of claim is filed andallowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

|  | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

|  | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  | ☐ |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | **Attorney Fees (Post)** | **$800.00** | **09/2024** | **$66.67** | **12** | **$800.00** | **$0.00** | **$800.00** |
| 10.2 | **Attorney Fees** | **$2,971.00** | **09/2024** | **$148.55** | **20** | **$2,971.00** | **$0.00** | **$2,971.00** |
| 10.3 | **Internal Revenue Service** | **$1.00** | **09/2024** | **Pro Rata** | **Pro Rata** | **$1.00** | **$0.00** | **$1.00** |
| 10.4 | **MN Dept of Revenue** | **$1.00** | **09/2024** | **Pro Rata** | **Pro Rata** | **$1.00** | **$0.00** | **$1.00** |
|  |  |  |  |  |  |  | TOTAL | **$3,773.00** |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
|  | **-NONE-** |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL | **$0.00** |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

|  | Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
|  | **-NONE-** |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL | **$0.00** |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **1,961.19**   [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **0.00** .

13.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **656,412.72** .

13.3    Total estimated unsecured claims are $ **656,412.72**   [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|  | Creditor | Description of Property (including complete legal description of real property) |
|---|---|---|
| 15.1 | **Gm Financial** | **2021 GMC Yukon 65,000 miles**<br>**Value is based on kbb.com private party value.** |
| 15.2 | **Gm Financial** | **2021 Chevy Traverse 70,000 miles**<br>**Value is based on kbb.com private party value.** |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| **16.1** | **Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending. The trustee will only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtors was filed, and only to the extent funds are available.**<br><br>**The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out, deduct the cost of preparing the tax returns, which debtors must verify, and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT.** Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 4, 5, 6, 7, 8, 9, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtors receiving a discharge in this case.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments.** |

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **3,272.00** |
| Home mortgages in default [Part 6] | $ | **18,881.61** |
| Claims in Default [Part 7] | $ | **5,632.20** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **0.00** |
| Priority Claims [Part 10] | $ | **3,773.00** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **1,661.19** |
| TOTAL (must equal line 2.5) | $ | **32,720.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Wesley W. Scott**
    **Wesley W. Scott 0264787**
    Attorney for debtor

Signed: **/s/ Ellora Michelle Jackson**
    **Ellora Michelle Jackson**
    Debtor 1

Signed: **/s/ Kevin Jackson, Sr.**
    **Kevin Jackson, Sr.**
    Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:  Case No. 24-60177

Ellora Michelle Jackson  Chapter 13
Kevin Jackson Sr.
Debtor(s)

**DECLARATION OF MAILING CERTIFICATE OF SERVICE**

On 9/10/2024, I did cause a copy of the following document(s), described below:

Notice of Hearing and Motion, Amended Schedules, Memorandum, and a Modified Ch 13 Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein. Said mailing matrix was downloaded from the District of Minnesota Bankruptcy Court's official court matrix on 9/10/2024.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 9/10/2024

/s/ Wesley W. Scott
Wesley W. Scott
Bar No. 0264787
LifeBack Law Firm, PA
13 7th Avenue South
Saint Cloud MN 56301-0000
320-252-0330
wes@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No. 24-60177 |
| Ellora Michelle Jackson | Chapter 13 |
| Kevin Jackson Sr. | |
| Debtor(s) | |

**CERTIFICATE OF SERVICE DECLARATION OF MAILING**

On 9/10/2024, I did cause a copy of the following document(s), described below:

Notice of Hearing and Motion, Amended Schedules, Memorandum, and a Modified Ch 13 Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 9/10/2024

Melissa Membrino
c/o Stretto
410 Exchange Ste 100
Irvine, CA 92602
(949) 222-1212
declaration@stretto.com

I certify that on 9/10/2024, I caused a copy of the Notice of Hearing and Motion, Amended Schedules, Memorandum and and a Modified Ch 13 Plan to be served by First Class United States Mail service, with adequate postage to ensure delivery to:

EXHIBIT

| | | | | |
|---|---|---|---|---|
| CrossCountry Mortgage, LLC | Wilford, Geske & Cook, P.A. | 7616 Currell Blvd | Ste 200 | Woodbury MN 55125-2296 |
| Minnesota Department of Revenue | | Bankruptcy Section | PO Box 64447 | St Paul MN 55164-0447 |
| United States Attorney | | 600 US Courthouse | 300 S 4th St | Minneapolis MN 55415-3070 |
| Fergus Falls - St Paul | 200 Warren E Burger Federal Building and | U. S. Courthouse | 316 N Robert St | St Paul MN 55101-1495 |
| AmeriCredit Financial Services, Inc. dba GM | | P O Box 183853 | | Arlington TX 76096-3853 |
| American Express National Bank | | c/o Becket and Lee LLP | PO Box 3001 | Malvern PA 19355-0701 |
| Amex | | Correspondence/Bankruptcy | Po Box 981540 | El Paso TX 79998-1540 |
| Atlas Real Estate Group | | 970 Yuma St | | Denver CO 80204-3836 |
| Bold & Beautiful LLC | | 13065 West Grand Ave | | Surprise AZ 85374-7047 |
| Bold & Beautiful LLC | | 1420 West St Germain | Suite 103 | Saint Cloud MN 56301-4025 |
| CST Co. | | PO Box 33127 | | Louisville KY 40232-3127 |
| CAINE & WEINER COMPANY | | 12005 FORD ROAD 300 | | DALLAS TX 75234-7262 |
| Capital One | | Attn: Bankruptcy | Po Box 30285 | Salt Lake City UT 84130-0285 |
| Capital One N.A. | | by AIS InfoSource LP as agent | PO Box 71083 | Charlotte NC 28272-1083 |
| Cedars Business Service LLC | | 5230 Las Virgenes Rd | Suite 210 | Calabasas CA 91302-3465 |
| CentraCare | | 1406 6th Avenue North | | Saint Cloud MN 56303-1900 |
| Central Plaza Baceline LLC | | 511 N Broadway | | Denver CO 80203-3405 |
| Credit Acceptence | | c/o Gurstel Law Firm | 6681 Country Club Drive | Minneapolis MN 55427-4601 |
| Cross Country Mortgage | | 2160 Superior Avenue | | Cleveland OH 44114-2102 |
| CrossCountry Mortgage, LLC | C/O Nationstar Mortgage LLC | Attn: Bankruptcy Dept | PO Box 619096 | Dallas TX 75261-9096 |
| Deon Lee Jackson | | 13119 10th Ave N | | Zimmerman MN 55398-8318 |
| Discover Bank | | Discover Products Inc | PO Box 3025 | New Albany OH 43054-3025 |
| Discover Financial | | Attn: Bankruptcy | Po Box 3025 | New Albany OH 43054-3025 |
| Diversified Adjustment Services, Inc | | Attn: Bankrupcty | Po Box 32145 | Fridley MN 55432-0145 |
| Ellora Beauty Supply LLC | | 17107 N Rusty Ln | | Surprise AZ 85374-3453 |
| Freedom Mortgage Corporation | | Attn: Bankruptcy | 907 Pleasant Valley Ave, Ste 3 | Mt Laurel NJ 08054-1210 |
| Gm Financial | | Attn: Bankruptcy | Po Box 183853 | Arlington TX 76096-3853 |
| Grandview Builders | | 8850 Ridgeview Ct | | Saint Joseph MN 56374 |
| Gurstel Law Firm, PC | | 6681 Country Club Drive | | Golden Valley MN 55427-4601 |
| Internal Revenue Service | | Centralized Insolvency | PO Box 7346 | Philadelphia PA 19101-7346 |
| Iq Data International | | Attn: Bankruptcy | Po Box 340 | Bothell WA 98041-0340 |
| Kapitus Servicing, Inc. | | 120 W. 45th Street, 4th Floor | Attn: Carolina Baez | New York NY 10036-4041 |
| Kayla Quirk | | 13119 10th Ave N | | Zimmerman MN 55398-8318 |
| Kingwood Parke Community | | 2425 East Camelback Rd | Suite 150 | Phoenix AZ 85016-4253 |

| Name | | | Attn | PO Box | City State Zip |
|---|---|---|---|---|---|
| MN Dept of Revenue | | | Attn: Denise Jones | PO Box 64447 | Saint Paul MN 55164-0447 |
| Navy FCU | | | Attn: Bankruptcy | Po Box 3000 | Merrifield VA 22119-3000 |
| Navy Federal Credit Union | | | P.O. Box 3000 | | Merrifield VA 22119-3000 |
| Northern Capital Investments | | | PO BOX 7792 | | Saint Cloud MN 56302-7792 |
| SLI Production Corp. | | | 7 Capital Dr. | | Moonachie NJ 07074-1407 |
| Seabreeze Management Company | | | 5000 Hopyard Rd | Suite | Pleasanton CA 94588-3348 |
| Sherburne Health & Human Serv. | | | 13880 Business Ctr Dr NW | | Elk River MN 55330-1692 |
| Stearns County | | | Administration Center Rm 343 | 705 Courthouse Square | Saint Cloud MN 56303-4781 |
| Stearns County | | | Human Service Center | PO Box 1107 | Saint Cloud MN 56302-1107 |
| Synchrony Bank | | | by AIS InfoSource LP as agent | PO Box 4457 | Houston TX 77210-4457 |
| Synchrony Bank/Care Credit | | | Attn: Bankruptcy | Po Box 965060 | Orlando FL 32896-5060 |
| U.S. Bank NA dba Elan Financial Services | | | Bankruptcy Department | PO Box 108 | Saint Louis MO 63166-0108 |
| U.S. Bankcorp / Elan Financial | | | Attn: Bankruptcy | 800 Nicollet Mall | Minneapolis MN 55402-7000 |
| Waypoint Law PLLC | | | 333 Washington Ave N | Suite 300 | Minneapolis MN 55401-1353 |
| William Peterson | | | dba Parkside Properties | 212 E. Gurley Street | Prescott AZ 86301-3822 |
| XCEL ENERGY | | | ATTN ATTN BANKRUPTCY DEPARTMENT | PO BOX 9477 | MINNEAPOLIS MN 55484-0001 |
| Ellora Michelle Jackson | | | 6 Clover Ct | | Saint Cloud MN 56301-4954 |
| Kevin Jackson Sr. | | | 6 Clover Ct | | Saint Cloud MN 56301-4954 |